FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/15/2021 11:57 AM
CLERK OF THE COURT
Areli Martinez

**SUMMONS**

| | |
|---|---|
| Second Judicial District Court<br>County of Bernalillo<br>State of New Mexico<br>Address:400 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Telephone Number: 505-841-7421 | Case Number: D-202-CV-2021-03997<br>Judge: Beatrice J. Brickhouse |
| Plaintiff:  Haley TUCKER<br>v.<br>Defendant: UNIVERSITY OF NEW MEXICO BOARD OF REGENTS; UNIVERSITY OF NEW MEXICO SCHOOL OF LAW; DEAN SERGIO PAREJA, in his official capacity | Defendant Name: UNIVERSITY OF NEW MEXICO BOARD OF REGENTS<br>c/o OUC Scholes Hall, Room 208<br>The University of New Mexico<br>Mailing Address:<br>MSC05 3440<br>1 University of New Mexico<br>Albuquerque, NM 87131-0001<br>Main Phone: (505) 277-5035 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of _7/2/2021_ , 20___.



Katina Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

BY: _____
        Deputy Clerk

Derek Garcia
New Mexico Legal Aid,
PO Box 25486
Albuquerque, NM 87125
505-243-7871/505-768-6120

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**EXHIBIT B**

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/15/2021 11:57 AM
CLERK OF THE COURT
Areli Martinez

**SUMMONS**

| | |
|---|---|
| Second Judicial District Court<br>County of Bernalillo<br>State of New Mexico<br>Address:400 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Telephone Number: 505-841-7421 | Case Number: D-202-CV-2021-03997<br>Judge: Beatrice J. Brickhouse |
| Plaintiff:  Haley TUCKER<br>v.<br>Defendant: UNIVERSITY OF NEW<br>MEXICO BOARD OF REGENTS;<br>UNIVERSITY OF NEW MEXICO<br>SCHOOL OF LAW; DEAN SERGIO<br>PAREJA, in his official capacity | Defendant Name: UNIVERSITY OF<br>NEW MEXICO SCHOOL OF LAW<br>c/o OUC Scholes Hall, Room 208<br>The University of New Mexico<br>Mailing Address:<br>MSC05 3440<br>1 University of New Mexico<br>Albuquerque, NM 87131-0001<br>Main Phone: (505) 277-5035 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of __7/2/2021__, 20___.

**Katina Watson**
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk

Derek Garcia
New Mexico Legal Aid,
PO Box 25486
Albuquerque, NM 87125
505-243-7871/505-768-6120

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/15/2021 11:57 AM
CLERK OF THE COURT
Areli Martinez

| SUMMONS | |
|---|---|
| Second Judicial District Court<br>County of Bernalillo<br>State of New Mexico<br>Address:400 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Telephone Number: 505-841-7421 | Case Number: D-202-CV-2021-03997<br>Judge: Beatrice J. Brickhouse |
| Plaintiff:  Haley TUCKER<br>v.<br>Defendant(s): UNIVERSITY OF NEW<br>MEXICO BOARD OF REGENTS;<br>UNIVERSITY OF NEW MEXICO<br>SCHOOL OF LAW; DEAN SERGIO<br>PAREJA, in his official capacity, | Defendant Name: DEAN SERGIO<br>PAREJA, in his official capacity;<br>c/o OUC Scholes Hall, Room 208<br>The University of New Mexico<br>Mailing Address:<br>MSC05 3440<br>1 University of New Mexico<br>Albuquerque, NM 87131-0001<br>Main Phone: (505) 277-5035 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of _7/2/2021_, 20___.

Katina Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By:_____
Deputy Clerk

Derek Garcia
New Mexico Legal Aid,
PO Box 25486
Albuquerque, NM 87125
505-243-7871/505-768-6120

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**7/1/2021 1:54 PM**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**IN THE SECOND JUDICIAL DISTRICT COURT**

**Haley TUCKER,**
        **Plaintiff,**

No.  D-202-CV-2021-03997

   **v.**

**UNIVERSITY OF NEW MEXICO**
**BOARD OF REGENTS;**
**UNIVERSITY OF NEW MEXICO SCHOOL OF LAW;**
**DEAN SERGIO PAREJA, in his official capacity,**
        **Defendants.**

## COMPLAINT TO RECOVER DAMAGES DUE TO DEPRIVATION OF CIVIL RIGHTS

### JURISDICTION AND VENUE

Plaintiff brings this complaint under Title IX of the Educational Amendments of 1972 (20 USCS § 1681), The Clery Act and amendments to Higher Education Act of 1965 and U.S. Const. amend. XIV, 42 U.S.C. § 1983, NM Const. Art. II. Sections 4, 17, and 18, and the New Mexico Civil Rights Act, 2021 N.M. ALS 119, 2021 N.M. Laws 119, for damages resulting from the Deprivation of Civil and statutory Rights inflicted upon her by Defendants. The court has concurrent and original jurisdiction of this action (28 U.S.C. Sec. 1343, *Martinez v. California*, 444 U.S. 277, 283 n.7 (1980)) and of the parties. Venue is proper in this judicial district as the incident complained of occurred in this district. Plaintiff alleges as follows:

### PARTIES

1.   Plaintiff is a resident of Los Lunas, New Mexico. She is a citizen of the State of New Mexico and a citizen of the United States of America.

2.   Plaintiff studied law at the University of New Mexico School of law from 2017 to 2018

1

and was a recipient of the Family and Child Justice scholarship / fellowship.

3.      Defendant University of New Mexico Board of Regents ("UNM") is a public body and instrumentality of the State of New Mexico and the empowered governing authority for UNM, an educational institution, with its primary campus in Bernalillo County, New Mexico. ("Defendant" and "UNM" are treated synonymously herein).

4.      Defendant University of New Mexico School of Law ("UNMSOL") is the law school of the University of New Mexico, located in Albuquerque, New Mexico. It is the only law school in the state of New Mexico and receives various sources of State and public funding.

5.      Defendant Dean Sergio Pareja currently serves as Dean of the law school since August 2015 to present.  He is sued in his official capacity.

## FACTUAL BACKGROUND

6.      On July 26, 2017, the 13th Judicial District Court for Valencia County, State of New Mexico, issued an Order of Protection in favor of Plaintiff / Petitioner Haley Tucker as protected party, which restrained Respondent Joel Strandberg, Plaintiff's then-husband and father of her children, from making contact with Plaintiff in any way, coming within 25 yards of her person, or 100 yards of her protected address, in addition to continuing acts of domestic violence, stalking, and/or sexual assault. *See* (D-1314-DV-2017-249, related to D-1314-DM-2016-555).

7.      The Valencia County District court made factual findings of domestic violence relative to Mr. Strandberg, which did not require re-litigation, re-interpretation, and/or negotiation in the halls of the school of law.

8.      Plaintiff Tucker and Mr. Strandberg were both concurrently attending law students at Defendant UNMSOL.

9.      Prior to August 14, 2017, Defendant UNMSOL was provided a copy of the Order of

2

Protection.

10.     On August 14, 2017, Nancy Huffstutler, Associate Director of Student Affairs, was provided a copy of the Order of Protection.

11.     Huffstutler met with Plaintiff Tucker, but did not take any action to set physical safety parameters for the Plaintiff, give any instructions on how the Plaintiff could maintain safety on the campus, engage with Plaintiff in safety planning, or advise Plaintiff on reaction and remedies should violations occur.

12.     According to Plaintiff, Huffstutler suggested a 'wait and see' mentality, but did not engage with Plaintiff Tucker to develop an alternate or staggered class schedule with Strandberg, or otherwise develop a strategy to enforce the 25 yard no contact prohibition, between the students, while engaging in school-wide events, or occupying common areas.

13.     Plaintiff informed the Associate Director of Student Affairs of Mr. Strandberg's documented mental illness, repeated past violence, and that he possessed a weapon.

14.     On August 22, 2017, Mr. Strandberg, came well within 25 yards of the Plaintiff (hereinafter "Violation #1") and said, "I love you" to Plaintiff Tucker using American Sign Language (in which both Plaintiff and Strandberg are fluent due to their deaf child) (hereinafter "Violation #2"), in violation of the Order of Protection.

15.     Within the week following the violations, Plaintiff notified the Associate Director of Student Affairs Huffstutler of the violation, as well as previous violations that were happening in text message form.

16.     After reporting Violations #1 and #2 to Defendants, Defendants took no action in response to the violations of which Plaintiff Tucker was made aware.

17.     On September 9, 2017, Mr. Strandberg again appeared on campus, and followed Ms.

3

Tucker through the forum (common area at UNMSOL) until another student intervened ("Violation #3"), in violation of the Order of Protection.

18.     After reporting Violation #3, Defendants UNM and UNMSOL again responded by taking no action of which Plaintiff Tucker was made aware.

19.     On October 4, 2017, Mr. Strandberg texted the minor child and emailed Ms. Tucker, in violation of the Protection Order, and Defendants responded by taking no action of which Ms. Tucker was made aware ("Violation #4").

20.     After reporting Violation #4, Defendants Responded by requesting the Plaintiff quit school or take a voluntary leave of absence, due to the stressful effects Mr. Strandberg's uncontrolled actions were having on Plaintiff's academic performance.

21.     On November 24, 2017, Mr. Strandberg texted Ms. Tucker's minor child, in violation of the Protection Order ("Violation #5").

22.     Defendants responded to Violation #5 by taking no action of which Plaintiff was made aware.

23.     On December 1, 2017, while Ms. Tucker was studying for final exams, Mr. Strandberg emailed Ms. Tucker again (now using his UNMSOL email account), in violation of the Protection Order ("Violation #6").

24.     Defendants responded to Violation #6 by taking no action of which Plaintiff was made aware to the repeated, and now flagrant, violations being committed by Mr. Strandberg.

25.     On December 7, 2017, Ms. Tucker took her Criminal Law exam.

26.     On or about December 8, 2017, Plaintiff Tucker sought counseling with Student Health and Counseling (SHAC) to deal with the stress caused by Mr. Strandberg's continuous violations, uncontrolled by Defendants.

4

27.     When Plaintiff Tucker exited her appointment, Mr. Strandberg was standing in the waiting room, and did not leave as required by the Protection Order ("Violation #7").

28.     Plaintiff Tucker left without making a follow-up appointment at SHAC because of Strandberg's presence and the flagrant violation of her medical privacy.

29.     Defendants UNM and UNMSOL responded by taking no action in response to Violation #7 of which Plaintiff Tucker was made aware.

30.     On December 11, 2017, prior to her Contracts exam, Ms. Tucker was in the school dining area.    Mr. Strandberg again appeared on campus and entered the dining area even though Ms.Tucker was already there, in violation of the Protective Order ("Violation #8").

31.     Plaintiff Tucker was required to take her contracts examination directly after Violation #8, and Defendants responded by taking no action of which Plaintiff Tucker was made aware.

32.     The violations were continued throughout the entirety of the school year with Defendants responding by taking no action of which Plaintiff Tucker was made aware.

33.     Instead of seeking to enforce the Order of Protection, after being made aware of numerous alleged violations, Defendants again requested the Plaintiff quit school or take a leave of absence, due to her now-suffering academic performance.

34.     Strandberg and Defendants were creating a hostile environment, in which the Plaintiff was solely responsible for keeping herself and children safe from the continuous aggressions by Mr. Strandberg.

35.     Knowing Plaintiff was under severe duress, Defendants presented Plaintiff with the unreasonable and false choice of having to leave campus or stay in hostile danger.

36.     On April 9, 2018, Mr. Strandberg approached Plaintiff Tucker while in the parking lot, coming within 25 yards of her person ("Violation #9").

5

37.     Plaintiff Tucker got into her car to escape Strandberg by driving away, and he walked alongside the moving vehicle, angrily mouthing words through the car window ("Violation #10").

38.     On April 11, 2018, Ms. Tucker emailed Nancy Huffstutler, notifying her that he had violated the Protection Order again by coming within 25 yards of her and directing words toward her through the car window (Violations 9 and 10).

39.     Plaintiff Tucker reminded Ms. Huffstutler that Mr. Strandberg had escalated around final examinations the previous semester, and asked for suggestions on what to do.

40.     Instead of seeking to further investigate the alleged violations detailed *supra,* or recommending that Plaintiff Tucker contact either the UNM or Albuquerque Police Department, Ms. Huffstutler recommended the Plaintiff withdraw from the university.

41.     On April 19, 2018, Joel Strandberg harassed and battered law student R.K. [initials to protect privacy], leading to Strandberg's temporary suspension, as well as arrest by APD.

42.     On April 20, 2018, the Plaintiff was again requested by the Defendants to remain off campus and to withdraw from the university.

43.     On June 4, 2018, after the Plaintiff filed a Title IX complaint with Defendant UNM Office of  Equal opportunity responded in an email, that "Our office does not have jurisdiction over violations of a protection order granted by the courts and/or conduct directed towards your children."

44.     Because Violations #1 – 10 detailed *supra* involved both Plaintiff and Plaintiff's minor children, the declination by Defendant UNM to initiate investigation and resolution to Plaintiff's Title IX complaint was not only highly improper, but also represents a declination of jurisdiction, and an unreasonable barrier to Plaintiff exhausting her internal and administrative remedies.

6

45.     As the violence and violations by Mr. Strandberg were not only directed to the Plaintiff but also towards the Plaintiff's minor children, the Plaintiff could no longer safely bring her children to campus.

46.     As a family child justice scholar, the Plaintiff could no longer advocate for justice for either families or children (the entirety of her purpose attending UNMSOL), or condone the lack of action by the Defendants, in her particular case.

47.     On June 6, 2018, the Valencia County District Court extended the Order for Protection to expire in 12 months, due to the repeated and flagrant violations by Respondent Joel Strandberg.

48.     On July 2, 2018, Plaintiff was given notice of suspension based on academic performance, as a failing grade, in one class, had dropped her GPA.

49.     Thereafter, the Plaintiff met with the relevant committee and wrote a Petition for Relief from suspension talking about the continued violence, stalking, and severe emotional abuse of Mr. Strandberg, the lack of any action by the Defendants, and the difficulty in having to: A) be safe enough to remain on campus, B) allow for such violence to impact other students' lives, and C) continue being a family child justice scholar.

50.     Plaintiff Tucker also informed Defendants that she was unable accept the condonation through inaction of Mr. Strandberg's violence by Defendants, as doing so did not only perpetuate a hostile environment for the Plaintiff, but was morally difficult to justify, as continuing to be a student at UNM endangered future generations of students, who are also survivors of domestic violence, sexual assault, stalking, and/or harassment and abuse.

51.     Plaintiff Tucker informed UNM that unless changes were made to allow for increased institutional safeguards and her personal safety, she was finding it extremely difficult to consider returning to UNMSOL.

7

52.     Shortly thereafter, Defendant UNM denied the Plaintiff relief from suspension and the Plaintiff was suspended from school.

53.     Plaintiff Tucker exchanged correspondence with Defendant Dean Pareja detailing certain alleged violations and Defendant UNMSOL's reaction and lack of action to Plaintiff's concerns, but took no remedial action of which Plaintiff was made aware, nor did he seek to supervise, investigate, correct, or discipline, any of the employees at UNMSOL under his care and concern *via* principles of *respondeat superior*, or later seek to override the decision to suspend Plaintiff.

54.     On July 5, 2019, Defendants informally discussed and mediated the above-mentioned claims, upon a timely-filed Petition for Reinstatement.

55.     Defendants offered Plaintiff reinstatement at the law school for the 2019, 2020 school year, an offer which was rejected by Plaintiff because it did not include, or even consider, any back tuition reimbursement, agreement to any of the institutional reforms detailed and requested herein, nor did it provide for specific future guarantees of safety for Plaintiff, since her former husband's return to the law school was still very much a possibility at the time of her proposed reinstatement. *See* Requests for Relief, *infra* at pp. 14, 15.

## COUNT I – TITLE IX - DEPRIVATION OF EDUCATIONAL OPPORTUNITY

56.     Plaintiffs incorporate herein the allegations in paragraphs 1- 55 as if stated herein.

57.     Under Title IX of the Educational Amendments of 1972, Plaintiff has and had a right to attend law school and thrive in an academic environment free from domestic violence, stalking, sexual harassment, and / or sexual assault, and could not be excluded from those activities on the basis of sex (20 USCS § 1681).

58.     Female-identified and LGBTQ+ students face a disproportionate amount of sexual assault, sexual harassment, violence, stalking, disproportionate treatment, discrimination, and

8

harassment on campus compared to their male-identified, cisgender, and heterosexual peers[1].

59.     Defendants violated Plaintiff's Title IX rights when they: 1) ignored the Plaintiff's pleas for safety and failed or refused to develop a reasonable safety plan upon receiving notice of a valid Order of Protection; 2) failed to enforce the 25 yard provision and the other on campus provisions written into the Order of Protection from the school's common areas, placing the burden of enforcing such on the Plaintiff instead; 3) allowed the Plaintiff to have no personal boundaries from her abuser while on campus; 4) forced the Plaintiff to endanger her children if she brought them to the campus, in order to be successful in completing her education, and in the absence of reasonably affordable and available childcare; (5) declined to investigate or adjudicate her timely-filed Title IX Complaint.

60.     Defendants acts and omissions constitute discrimination on the basis of sex and gender as confirmed by developed caselaw interpreting Title IX.

61.     Defendant Pareja's actions and omissions contributed to a pattern and practice of a hostile educational environment and denial of Plaintiff's rights, for which he is responsible in his official capacity, *via* principles of *respondeat superior*.

62.     Defendants are the actual and proximate cause of the damages sustained by Plaintiff, including, but no limited to, violation of her rights, educational opportunities, and educational advancement, lost and unreimbursed tuition, lost prospective employment and wages, emotional distress, loss of enjoyment of life, and other damages detailed herein.

---

[1] Nearly 3 in 10 women (29%) and 1 in 10 men (10%) in the US have experienced rape, physical violence, and/or stalking by a partner and reported it having a related impact on their functioning. Black, M.C., Basile, K.C., Breiding, M.J., Smith, S.G., Walters, M.L., Merrick, M.T., Chen, J., & Stevens, M.R. (2011). The National Intimate Partner and Sexual Violence Survey (NISVS): 2010 Summary Report. Atlanta, GA: National Center for Injury Prevention and Control, Centers for Disease Control and Prevention.

9

## COUNT II – FOURTEENTH AMENDMENT CLAIM
### (DENIAL OF EQUAL PROTECTION)

63.     Plaintiffs incorporate herein the allegations in paragraphs 1-62 as if stated herein.

64.     Plaintiff had and has a right to Equal Protection of the laws under U.S. Const. amend XIV and 42 U.S.C. §1983.

65.     In placing the rights of Joel Strandberg, a factually-litigated domestic abuser, equal to, or above, the rights of Plaintiff's safety and educational interests, Defendants violated Plaintiff's right to Equal Protection of the laws.

66.     Defendants are the actual and proximate cause of the damages sustained by Plaintiff, including, but no limited to, violation of her rights, educational opportunities, and educational advancement, lost and unreimbursed tuition, lost prospective employment and wages, emotional distress and loss of enjoyment of life, and other damages detailed herein.

## COUNT III – NM Const. Art. II Sec. 18

### (EQUAL PROTECTION
UNDER THE CONSTITUTION OF THE STATE OF NEW MEXICO)

67.     Plaintiff incorporates herein the allegations in paragraphs 1- 66 as if stated herein.

68.     "No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws. Equality of rights under law shall not be denied on account of the sex of any person. The effective date of this amendment shall be July 1, 1973. (As amended November 7, 1972, effective July 1, 1973)." NM Const. art. II Sec. 18.

69.     Defendants denied Plaintiff her property interest in an education without due process of law, and failed or refused to reimburse her lost tuition for the 2017, 2018 school years.

70.     In placing the rights of Joel Strandberg, a factually-litigated domestic abuser, equal to, or above, the rights of Plaintiff's safety and educational interests, Defendants violated

Plaintiff's right to Equal Protection of the laws, as female-identified, under the Constitution and the State of New Mexico.

71.    As a proximate result of Defendants' actions, Plaintiff has suffered losses and emotional injury, as previously alleged.

72.    The actions of the defendants were willful, wanton and in reckless disregard of Plaintiff's Constitutional rights.

**COUNT  IV –**
**U.S. Const. amend I, NM Const. art. II Sec. §4 and 17**
**(RETALIATION FOR EXPRESSION OF SPEECH)**

73.    Plaintiffs incorporate allegations in paragraphs 1 – 72 as if stated herein.

74.    Plaintiff has, and had, a U.S. Const. amend. I right to freedom of speech as enforced through 42 U.S.C. §1983 with respect to public accommodations, and enjoys similar analogous rights and protections found in NM Const. art. II §§ 4 and 17, including fundamental rights to safety and happiness.

75.    Defendants' actions and omissions, in denying her property, tuition, and education were made in partial retaliation for her calling attention to Defendants' actions or omissions detailed herein, and for calling attention to the difficulty of similarly-situated law students and other survivors of domestic violence on campus.

76.    Defendants further retaliated against the Plaintiff by repeatedly suggesting and/or requesting she quit school and leave UNMSOL, rather than themselves taking proactive action in investigating and resolving Plaintiff's alleged violations of her Order of Protection, instituting disciplinary proceedings, and/or otherwise failing or refusing to enforce a validly issued, previously-contested, and fully-litigated Order of Protection, issued by the District Court of the State of New Mexico.

11

77. Defendants further retaliated against Plaintiff by academically suspending her.

78. Defendants' actions were additionally undertaken following, and in response to, Plaintiffs' statements made in calling attention to the violation of her Constitutional rights and right to enforcement of her protection order, or otherwise attempt to enforce her right to safety and speech found under NM Const. Art. II §§ 4 and 17.

79. Defendant had no lawful reason to suppress Plaintiff's speech or to take action against Plaintiff based on her speech or lack of speech.

80. Defendant kept the Plaintiff in a situation where if she spoke to her professors about the fear she was experiencing, and the lack of institutional response, she would be asking her professors to side against the Defendants and their employers.

81. The Defendant did not express any regard for the danger the Plaintiff was in and therefore silenced her expression of rational fear.

82. Defendant's retaliation, through seizing Plaintiff's property, was wrongful.

83. As a proximate and actual result of defendants' actions, Plaintiff has suffered losses and injury, as previously alleged.

84. The actions of Defendants were intentional, wanton, and/or reckless in their disregard for Plaintiff Tucker's civil and Constitutional rights.

### COUNT V- FOURTEENTH AMENDMENT CLAIM
### VIOLATIONS OF PLAINTIFF'S RIGHT TO
### PROCEDURAL AND SUBSTANTIVE DUE PROCESS
### VIOLATIONS OF CLERY ACT 20 U.S.C. § 1092, et al

85. The Plaintiff incorporates the preceding paragraphs by reference herein.

86. On June 4, 2018, the UNM office of equal opportunity responded in an email, to the plaintiffs Title IX complaint stating that, "Our office does not have jurisdiction over violations

12

of a protection order granted by the courts…"

87.     While not providing for a direct cause of action, under the Clery Act, Universities do have jurisdiction over students' complaints, pertaining to domestic violence, stalking, and in the instant case (i.e. stalking and aggravated stalking).

88.     Under the Clery Act, any student or employee who becomes a victim of dating violence, domestic violence, sexual assault, and stalking (whether on or off campus) has the right to receive written explanation of their rights and options.

89.     The Plaintiff did not receive any such written information from the Defendants, whether it be advising her on her rights and options under Title IX in pursuing a complaint, the Clery Act, or her rights and remedies under areas of both New Mexico and federal law.

90.     Colleges and universities must have *and reasonably enforce* a policy for on campus disciplinary proceedings (from investigation to the hearing to the final resolution) for dating violence, domestic violence, sexual assault, and stalking, and the school of law (UNMSOL) is not exempt.

91.     Such campus disciplinary proceedings must: A) Be prompt, fair and impartial; B) Be adjudicated by officials receiving annual training on: issues of dating violence, domestic violence, sexual assault, and stalking; and conducting investigations and hearings that protect safety of victims and promotes accountability.

92.   The procedural Due Process rights for both the victim and accused include:

A)   The same opportunity to have others present as witnesses.

B)   Opportunity to be accompanied by an advisor of their choice.

C)   Receive simultaneous written notification of: delay and the reason for the delay; outcome of disciplinary hearing; opportunity to appeal the result; changes to results;

13

results that are final; and reason for the results and sanction imposed.

93.     No such notice of procedural rights was given to the Plaintiff, nor were the existence of procedural due process rights shared with the Plaintiff, even after Plaintiff reported the many violations of a lawfully issued Order of Protection to the school's administration.

94.     Plaintiff has, and had, both Procedural and Substantive Due Process rights under U.S. Const. amend. XIV and 42 U.S.C. §1983.

95.     On July 2, 2018, Plaintiff's rights under U.S. Const. amend. XIV were further violated when she was placed on academic suspension, under the pretext of lack of academic performance, for calling attention to Defendants' failures to investigate and timely adjudicate Plaintiff's reports of Violations #1-10, as mandated under the Clery Act.

96.     Defendants' actions and omissions, in failing to enforce to provisions of the Clery Act, actually and proximately caused a deprivation of Plaintiff's procedural and substantive right to Due Process, as guaranteed under both U.S. Const. amend. XIV and NM Const. art. II Sec. 18.

97.     Defendants' actions and omissions, in violating Plaintiff's rights, led to damages as detailed previously herein.

## COUNT VI- NEW MEXICO CIVIL RIGHTS ACT

98.     The Plaintiff incorporates the preceding paragraphs by reference herein.

99.     "A public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall not subject or cause to be subjected any resident of New Mexico or person within the state to deprivation of any rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico." See 2021 N.M. ALS 119, 2021 N.M. Laws 119, 2021 N.M. Ch. 119, 2021 N.M. HB 4, 2021 N.M. ALS 119, 2021 N.M. Laws 119, 2021 N.M. Ch. 119, 2021 N.M. HB 4. As effective July 1, 2021.

14

100.    "B. A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court." *Id.*

101.    Under the provisions of the New Mexico Civil Rights Act, qualified immunity is unavailable as a defense to Plaintiff's NM Const. art. II §§ 4, 17, and 18 claims. *Id.*

102.    Under the provisions of the New Mexico Civil Rights Act, Defendants may not claim they were unaware of the provisions of the Clery Act, or that the Clery Act was not well-established law, in failing, or refusing to enforce, Plaintiff's fundamental rights to Due Process, Equality, Speech, Safety and Happiness guaranteed under NM Const. art. II §§ 4, 17, and 18.

103.    In failing or refusing to enforce Plaintiff's rights under the New Mexico Constitution and the Clery Act, Defendants were the actual and proximate causes of damages as detailed herein.

## REQUESTS FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

I.    Actual and compensatory damages sufficient to make Plaintiff whole against the Defendants, including, but not limited to, unreimbursed tuition, remedial tuition at a replacement school of higher education of Plaintiff's choice, lost wages and prospective employment income, loss of quality of life and emotional distress, and compensatory damages for deprivation of the civil and Constitutional rights themselves, as determined by a jury.

II.    Punitive damages, for those counts allowable by law, to be directed to agencies, coalitions, victims, and/or non-profits (at the Plaintiffs discretion) to support victims of domestic

15

violence, dating violence, harassment, discrimination, and/or stalking.

III. Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

IV. Specific relief in the following forms:

A. A full refund of tuition for the 2017-2018 school year.

B. The installment of a Mandatory Title IX coordinator at the UNM School of Law, in addition to that assigned on main campus, with specific authority to liaison with UNM police and local law enforcement, to thereby investigate, adjudicate, and enforce Orders of Protection, civil restraining orders, and/or No contact orders.

C. Mandatory compliance of procedural rights outlined in the Clery Act, to include actual written work product and brochure to be developed by Defendants and to be used in advising students of their procedural and substantive due process rights, to be subsequently approved for distribution by either the Court or a designated special master.

D. Designated and exclusive security personal to be available and present within UNMSOL campus buildings when there is a safety concern for students, and if requested by the mandatory Title IX coordinator, in addition to security available through UNM main campus police.

E. Mandatory training for all members of the UNMSOL Administration on compliance with the Clery Act, and training on the requirements of the New Mexico Family Violence Protection Act, as conducted by an outside and reasonably compensated trainer who does not maintain current employment by the law school.

V. Such other and further relief as the Court or jury deems just and proper.

16

**Respectfully submitted,**

*/s/ Derek V. Garcia CAID #10/154*
**DEREK V. GARCIA**
**MICHELLE GARCIA**

**NEW MEXICO LEGAL AID, INC.**
**Safe2BU! – New Mexico LGBTQ+ Legal Access Project**
**New Mexico Legal Aid, Inc.**
**Attorneys for Plaintiff**
**P.O. Box 25486**
**Albuquerque, NM  87125**
**(505) 243-7871**
derekg@nmlegalaid.org
michelleg@nmlegalaid.org

17

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/1/2021 1:54 PM
CLERK OF THE COURT
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**IN THE SECOND JUDICIAL DISTRICT COURT**

**Haley TUCKER,**
       **Plaintiff,**

                                    **No.**  D-202-CV-2021-03997

    **v.**

**UNIVERSITY OF NEW MEXICO**
**BOARD OF REGENTS;**
**UNIVERSITY OF NEW MEXICO SCHOOL OF LAW;**
**DEAN SERGIO PAREJA, in his official capacity,**
           **Defendants.**

## ARBITRATION CERTIFICATE

**COMES NOW** Plaintiff Haley Tucker ("Plaintiff") through her counsel of record, New Mexico Legal Aid, Inc. (Derek Garcia, Esq.), and hereby files this Arbitration Certificate. In support of this Complaint, Plaintiff states as follows: Counsel for Plaintiff certifies that this matter is not subject to arbitration as Plaintiffs seek more than $25,000.00 in compensatory damages, excluding attorneys' fees, costs, and interest.

                      **Respectfully submitted,**

                      */s/ Derek V. Garcia CAID #10/154*
                      DEREK V. GARCIA
                      MICHELLE GARCIA

                      NEW MEXICO LEGAL AID, INC.
                      Safe2BU! – New Mexico LGBTQ+ Legal Access Project
                      New Mexico Legal Aid, Inc.
                      Attorneys for Plaintiff
                      P.O. Box 25486
                      Albuquerque, NM 87125
                      (505) 243-7871
                      derekg@nmlegalaid.org
                      michelleg@nmlegalaid.org

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**7/15/2021 11:57 AM**
**CLERK OF THE COURT**
**Areli Martinez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**IN THE SECOND JUDICIAL DISTRICT COURT**

**Haley TUCKER,**
   **Plaintiff,**

              **No. D-202-CV-2021-03997**

 **v.**

**UNIVERSITY OF NEW MEXICO**
**BOARD OF REGENTS;**
**UNIVERSITY OF NEW MEXICO SCHOOL OF LAW;**
**DEAN SERGIO PAREJA, in his official capacity,**
   **Defendants.**

### JURY DEMAND (SIX PERSONS)

   Plaintiff, by and through counsel of record, pursuant to N.M. Const. Art II Sec. 12, and

U.S. Const. amend. VII, hereby respectfully requests all issues triable to a jury in this matter in

fact be so tried to a jury of six persons.

          **Respectfully submitted**,

          */s/ Derek V. Garcia CAID #10/154*
          DEREK V. GARCIA
          MICHELLE GARCIA

          NEW MEXICO LEGAL AID, INC.
          Safe2BU! – New Mexico LGBTQ+ Legal Access Project
          New Mexico Legal Aid, Inc.
          Attorneys for Plaintiff
          P.O. Box 25486
          Albuquerque, NM  87125
          (505) 243-7871
          derekg@nmlegalaid.org
          michelleg@nmlegalaid.org

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy
of the foregoing was served by U.S. mail on opposing party
or counsel on this 15TH day of July, 2021:

ATTN: Kevin Gick, Esq.
Associate University Counsel

Office of University Counsel
Scholes Hall, Room 208
The University of New Mexico

Mailing Address:
MSC05 3440
1 University of New Mexico
Albuquerque, NM 87131-0001
Main Phone: 505-277-5035


*/s/ Derek Garcia*
Derek Garcia